Price-RK v. State 






AFFIRMED 23 AUGUST 1990

NO. 10-90-034-CR
Trial Court
# 26748
IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

RONALD KYLE PRICE,
   Appellant
v.

THE STATE OF TEXAS,
   Appellee

* * * * * * * * * * * * *

 From 18th Judicial District Court
Johnson County, Texas

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
This is an appeal by defendant Price from conviction for
murder for which he was sentenced to life in the Texas Department
of Corrections.
This appeal arises from an adjudication proceeding under
Article 41.12(5)(b) of the Code of Criminal Procedure. On
September 11, 1989, defendant plead "nolo contendere" to a murder
charge. The judge accepted his plea, found that the evidence
substantiated a finding of guilt, deferred adjudication on the
plea, and placed defendant on probation for 10 years.
On January 10, 1990, the State filed a motion to proceed with
an adjudication of guilt as defendant on January 8, 1990, had
committed the offense of burglary of a motor vehicle.
On February 8, 1990, adjudication hearing was held and the
court found he had committed burglary of a motor vehicle in
violation of the terms of his probation, revoked his probation,
found him guilty of the original offense of murder, and sentenced
him to life in the Texas Department of Corrections.
Defendant appeals on 1 point: "The trial court erred by
failing to afford [defendant] a `meaningful hearing' in his
deferred adjudication proceeding".
Defendant contends that his probation revocation hearing did
not comply with the "minimum requirements of due process" as
mandated by the U.S. Supreme Court in Gagnon v. Scarpelli, 93 S.Ct.
1756, 1761-1762. Specifically, defendant claims that he was denied
a "neutral and detached" hearing body. Defendant complains of
three aspects of the hearing in support of his contention he was
denied a "neutral and detached" hearing.
Defendant first complains of the trial court's admonitions to
him during the original plea bargain hearing when he was given
deferred adjudication and ten years probation. The trial court
discussed with defendant the consequences of a deferred
adjudication and told him, "This is a two-edge sword, deferred is. 
It gives me absolute authority over you and your life as long as
you are on probation. And if you violate probation, I can put you
in the pen for the rest of your life." Defendant stated that he
understood. Thereafter the court stated that a drug and alcohol
screen would be a condition of defendant's probation, and asked
defendant if he had used any drugs in the last 30 days. Defendant
admitted to using marihuana the previous week. The court
responded, "Do you understand that's the kind of thing that's going
to put you in the pen for the rest of your life? There is no
question in my mind I'm not going to give ya'll any more slack on
this thing. You do anything at all, I'm not going to give you 10
or 20, I'm going to put you in the pen for life." 
In the foregoing, the court was explaining to defendant the
consequences of his plea. To insure that the plea was being
voluntarily made, the court wanted no misunderstanding with respect
to what could occur if defendant violated his probation.
Defendant secondly complains that the evidence failed to
connect defendant with the burglary of the motor vehicle alleged by
the State in its motion to adjudicate. Robert Barlow testified on
January 8, 1990, he was riding with defendant and others when his
alternator went out; that Barlow, Sean Savage and defendant walked
down the street a couple of blocks where Barlow sat on a curb and
watched while defendant and Savage went over to "the other car they
got the alternator from; that defendant and Savage were under the
hood of the car for about 10 minutes and then they "got it off" and
the three of them ran to Barlow's car where defendant put it on. 
Georgina Knox who lived next door to the Ownsbys testified she saw
a young man sitting on the curb in front of her house and then saw
two others run from Ownsby's driveway.
Ken Ownsby testified that Mrs. Knox called him as to what she
saw and that he went outside and discovered that the alternator was
missing from his car. Officer Miller testified he saw defendant
working under the hood of Barlow's car two blocks from where the
alternator was stolen from Mr. Ownsby. The evidence is
overwhelming that defendant committed burglary of a motor vehicle
and the court did not abuse its discretion in determining defendant
had violated the terms of his probation.
Finally, defendant complains about the court's statements
which were made at the conclusion of the adjudication proceeding
when defendant was being sentenced.
After finding defendant had violated the terms and conditions
of his probation by committing an offense against the laws of the
State, to-wit, burglary of a motor vehicle, the court stated:
"As for as the punishment, this is one of those
times when it's very hard to be a judge. In the first
place, Mr. Price, is that I know your family well. Your
grandmother took care of me when I was a child, was like
a mother to me. I watched your father and your mother
and your uncles grow up, watched your dad go to Baylor,
watched him be a good athlete and a good citizen. I was
not in agreement to give you probation to start off with. 
I'll make no bones about it. All of the evidence
presented to this court and the testimony that was taken
on the murder case, whether your parents know it or not,
indicated that you were the principal actor in that
murder. Only because of your family did you get that
break. I don't know of anybody else that got that kind
of break on a murder case, deferred.
And to come back in four months, I'm sorry for you. 
Sorry because you're young and sorry because you had the
advantage that nobody else had. You had a good family;
so many people come here don't; come from families that
are no good and don't care. If I ever wanted to give a
break to anybody I wish I could give it to you. But I
won't because I've got to do what's right for everybody
else out here. Those kids that are 17 and 18 that are
watching you and watching what we do."
The evidence in the murder case was that defendant and some
other young men took Kenneth Reid out, beat him up, kicked him and
hit him in the head with a bumper jack, from which injury he died. 
There was evidence that defendant was the person who got the bumper
jack from his pickup truck and hit the deceased in the head with
same.
We think the court lenient when he placed defendant on
deferred adjudication for murder. At that time the court warned
defendant about the consequences should he violate any terms of his
probation. Four months later defendant committed burglary of a
motor vehicle. At the adjudication hearing, the court found
defendant guilty of murder and sentenced him to life. From the
totality of the record before us we find that defendant received a
meaningful hearing in front of a neutral and detached body as
required by the Supreme Court of the United States.
Defendant's point is overruled.
AFFIRMED
 
                          FRANK G. McDONALD
DO NOT PUBLISHChief Justice (Retired)

[Participating: Chief Justice Thomas, Justices Hall and Means and
Chief Justice McDonald (Retired)]